# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL NELSON HANSEN,

    Petitioner,

v.      No.: 4:16-CV-2223

MICHAEL CLARK,      (Judge Brann)

    Respondent.

## MEMORANDUM OPINION

### AUGUST 23, 2017

## I. BACKGROUND

Paul Nelson Hansen, an inmate presently confined at the State Correctional Institution, Albion, Pennsylvania (SCI-Albion), filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Albion Superintendent Michael Clark. Service of the Petition was previously ordered.

Petitioner was convicted of first degree murder and related charges on July 13, 2011 following a jury trial in the Court of Common Pleas of York County, Pennsylvania. He was sentenced to a mandatory term of life imprisonment on August 24, 2011. Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds that trial counsel and post conviction counsel both provided ineffective assistance and there was insufficient evidence to support the

verdict.

Following the denial of a post-sentence motion, Hansen filed a timely direct appeal asserting that there was insufficient evidence to support the guilty verdict in that the Commonwealth failed to prove specific intent to kill. The Pennsylvania Superior Court affirmed Petitioner's sentence by decision dated August 17, 2012.

A petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on February 4, 2013. Hansen did not seek further review from the Supreme Court of the United States.

On April 19, 2014, Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[1] Hansen's petition alleged that he had received ineffective assistance of counsel. Following a hearing, the trial court denied relief on August 8, 2014. The Pennsylvania Superior Court affirmed the denial of PCRA relief on October 19, 2016. A request for allocator was denied by the Pennsylvania Supreme Court on October 19, 2016.

Presently pending before this Court is Respondent's motion to dismiss Petitioner's action as untimely filed. *See* Doc. 13. The opposed motion is now ripe for consideration.

---

[1] *See* 42 Pa. Cons. Stat. Ann. § 9541 *et seq*. The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991).

## II.  DISCUSSION

Respondent's supporting brief initially notes that Petitioner's pending action was initiated on November 3, 2016. *See* Doc. 15, p. 3. Confusingly, the Respondent later asserts that this matter should be deemed filed as of October 27, 2016. *See id.* at p. 6.

Hansen's action was clearly docketed with this Court on November 3, 2016. His petition and accompanying supporting memorandum are both dated October 24, 2016. *See* Doc. 1, p.15.[2] A copy of a letter submitted by Petitioner indicates that he mailed out his habeas petition on October 27, 2016. *See* Doc. 14, p. 15. However, other documents provided by Hansen which are both file stamped October 24, 2016 by a prison official support a finding that his habeas corpus petition was given to prison officials for the purpose of mailing on that day. *See id.* at pp. 11-12.

It is well settled that a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266 (1988). Since Hansen submitted supporting documents which support a determination that his petition was given to prison officials for mailing on October 24, 2016, the Court will accept the *pro se* Petitioner's multiple contentions that his

---

[2] A supporting memorandum filed by Petitioner is likewise dated October 24, 2016. *See* Doc. 3, p. 54.

action was submitted to prison officials for mailing on that day; this matter will be deemed filed as of October 24, 2016.

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See generally, Jones v. Morton*, 195 F.3d. 153, 157 (3d Cir. 1999).

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000)("upon conclusion of *direct review* of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court.")(emphasis in original).

The running of the limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. *See Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)(an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); *Merritt v. Blaine*, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)(federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

However, the period during which a Section 2254 applicant could have filed a petition for writ of certiorari with the Supreme Court of the United States from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. *See Lawrence v. Florida*, 549 U.S. 327, 333-36 (2007). It is additionally noted that the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." *Jones*, 195 F.3d at 159, citing *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616 (3d Cir. 1998).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408,

418 (2005). A habeas petitioner may establish grounds for equitable tolling by showing that "(a) the government has actively misled the petitioner; (b) the rights in question were timely asserted, but in the wrong forum; or (c) the petitioner has in some extraordinary way been prevented from asserting his rights." *Jones*, 195 F.3d at 159. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." *Fahy*, 240 F.3d at 244. Nor does equitable tolling extend to claims of excusable neglect. *Irwin, Dept. Of Veterans' Affairs*, 498 U.S. 89, 96 (1990).

As acknowledged by the Respondent, Petitioner's conviction became final for statute of limitation purposes on May 6, 2013, when the ninety (90) day period during which Hansen could seek *certiorari* review from the Supreme Court of the United States expired.[3] *See Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999).

Furthermore, the running of the limitations period was thereafter tolled during the period when Petitioner's subsequent, properly filed PCRA action was pending before the Pennsylvania state courts. Respondent contends that the filing date of the PCRA action was April 30, 2014 while Hansen maintains the date was April 19, 2014.

---

[3] *See* Doc. 15, p. 4.

If the April 19, 2014 date suggested by Petitioner is employed, then the one year limitations period ran from May 6, 2013 until April 19, 2014 (11 months, 13 days or 348 days) and then from October 19, 2016 until the filing of this action on October 24, 2016 (5 days). As such, the pending petition is timely filed.

If the April 30, 2014 date is used, as argued by Respondent, the one year limitations period ran from May 6, 2013 until April 30, 2014 (approximately 11 months, 24 days or 359 days) and then from October 19, 2016 until the filing of this action on October 24, 2016 (approximately 5 days). As such, the petition is still timely filed.

Since Hansen's pending federal petition was initiated just within the § 2244(d) one year limitations period, the request for dismissal on the basis of untimeliness will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge